IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO.  A-08-CR-337(12) LY |
| | § | |
| SHAWN COPE | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  The Court conducted a hearing on August 21, 2014, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I.   PROCEDURAL BACKGROUND

On June 12, 2009, the Defendant was sentenced to 84 months of imprisonment, followed by four years of supervised release, for attempted possession with intent to deliver methamphetamine, in violation of 21 U.S.C. § 841.  The Defendant commenced his supervision on March 12, 2014. Only three months later, on June 19, 2014, and again on July 3, 2104, the Defendant submitted urine specimens that tested positive for methamphetamine.  The Probation Office notified the Court of this, and recommended that the Defendant participate in substance abuse counseling, which the Court approved.  Not long thereafter, on August 5, 2014, the Defendant was arrested by Austin Police Department officers and charged with a state jail felony possession of a controlled substance

offense. In brief, the Defendant was observed at a Motel 6 and other locations engaged in what appeared to be narcotics transactions. APD was investigating the Defendant based on information that he was selling large quantities of crystal methamphetamine. Based on their surveillance, they conducted a traffic stop on the Defendant and located a little over $3,000 in cash on his person. A subsequent search of his backpack disclosed an additional $4,000. When a search warrant was executed at the motel room, officers found a small quantity (0.4 grams) of methamphetamine and several yellow prescription pills. On August 18, 2014, the Probation Office submitted its petition alleging the Defendant had violated his supervised release by committing a new offense and by possessing a controlled substance. The Probation Office requested a warrant, and on August 19, 2014, the undersigned authorized a warrant. The Defendant was arrested on that warrant August 22, 2014.

On September 17, 2014, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the Petition.

## FINDINGS OF THE COURT

1.   The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2.   The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

    3.    The Defendant received a copy of the Petition naming him, and he read it.

    4.    The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

    5.    The Defendant waived his preliminary hearing.

    6.    The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

    7.    The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

    8.    The Government gave a summary of the evidence against the Defendant.

    9.    The plea of true was freely, intelligently, and voluntarily made by the Defendant.

    10.    The Defendant understood all of his statutory and constitutional rights.

    11.    The Defendant violated conditions of his supervised release by (1) committing a new offense (possession of a controlled substance); and (2) possessing a controlled substance.

### III.  RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade B, and the Defendant's criminal history category was a VI, resulting in an (advisory) guideline range of 21-27 months of imprisonment. Having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 21 months of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of September, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE